```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Steven S. Brown,                :

        Plaintiff,      :   Civil Action 2:07-cv-0013

  v.                            :   Judge FROST

Warden Voorhies, et al.,        :

        Defendants.     :

### ORDER AND REPORT AND RECOMMENDATION

    This prisoner civil rights action is before the Court to conduct an initial screening under 28 U.S.C. §1915A.  For the following reasons, it will be recommended that the claims against three Franklin County Court of Appeals judges and Ohio Supreme Court Chief Justice Thomas Moyer be dismissed.  Service of process will be ordered with respect to the remaining defendants, although that portion of the case relating to conditions or events at the Lebanon Correctional Institution and the Southern Ohio Correctional Facility will be severed and transferred to the Western Division of this Court at Cincinnati.

    In his complaint, Mr. Brown alleges two distinct groups of claims.  The first relates to various events that allegedly occurred at the Franklin County Jail while he was awaiting trial on criminal charges.  Those events, or most of them, were also the subject of a prior case (Case No. 2:03-cv-384) which was dismissed on July 27, 2005 for failure to exhaust administrative remedies.  The second group of claims arise out of Mr. Brown's confinement at the Lebanon Correctional Institution, located in Lebanon, Ohio, which is in Warren County, a county within the Western Division of this Court at Cincinnati, and/or his confinement at the Southern Ohio Correctional Facility, located

in Scioto County, Ohio, also within the Court's Western Division. See Local Civil Rule 82.1(b).

Most of Mr. Brown's complaints about the Franklin County Jail are directed to jail officials, although he also includes claims against other Franklin County officials, including several Common Pleas Judges.  He claims that all of the Franklin County defendants either committed or were aware of various constitutional violations which occurred either in relationship to his criminal case or to the conditions under which he was confined.  He makes various allegations about having been tortured, beaten, denied medical treatment, denied access to legal materials, and about evidence of these events having been destroyed or secreted.  Although his complaint is exceedingly lengthy and clearly is not the "short and plain statement" of his claim that is required by Fed.R.Civ.P. 8, it is conceivable at this stage of the case that it states a claim against most of the named defendants.

The exception to this conclusion relates to the three Franklin County Court of Appeals Judges who decided his appeal and Chief Justice Moyer.  All of the actions attributed to those judges (unlike some of the acts allegedly committed by the Common Pleas Judges) clearly relate to legal rulings made in connection with Mr. Brown's appeal or a mandamus action he filed in the Ohio Supreme Court.  Mr. Brown's conclusory allegation that all of these Judges acted in the clear absence of all jurisdiction does not make it so.  Clearly, the Court of Appeals had jurisdiction to hear his appeal and to determine what was part of the record on appeal, and Chief Justice Moyer had jurisdiction to rule on the petition for a writ of mandamus.  Judges are absolutely immune from suit for actions taken in their judicial capacity so long as they do not act in the absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349 (1978).  Thus, because these

claims are brought against defendants who are immune from suit, they are subject to dismissal upon initial screening. See 28 U.S.C. §1915A(b)(2).

With respect to the claims relating to occurrences or conditions at the Lebanon Correctional Institution or the SOCF, these claims are clearly separate from the ones asserted against the Franklin County defendants.  They occurred at different locations, involve different defendants, and involve a different time frame.  Fed.R.Civ.P. 20(a) allows defendants to be joined in a single legal action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences...."  The joinder of the state defendants and the Franklin County defendants in a single civil action does not meet that test.  Fed.R.Civ.P. 21, which deals with misjoinder of parties, provides in part that "[a]ny claim against a party may be severed and proceeded with separately." That is the appropriate remedy for the misjoinder that has occurred here.  Once the claims are severed, under Local Civil Rule 82.1(b) they must be transferred to the Western Division of this Court at Cincinnati, because that is where the rule would have required them to be brought had they been properly filed in a separate civil action.

### RECOMMENDATION AS TO DISMISSAL OF FOUR DEFENDANTS

Based on the foregoing, it is recommended that the claims against defendants Moyer, Bryant, French and McGrath be dismissed.

### ORDER WITH RESPECT TO THE REMAINING DEFENDANTS

It is ordered that the claims against defendants Voorhies, Wilkinson, Collins, the Warden of the Lebanon Correctional

Institution, Crutchfield, McWeeny, Parks, York, Dailey, Runion, Cadogen, Smith, Bell, Ruggles, Sammons, Ellerby, Goodman, and Kelly, such claims being found at ¶s 275-347 of the complaint, be severed from the remainder of this case and be transferred to the Western Division of this Court at Cincinnati. To effectuate this order, the Clerk shall open a new case in that Division and shall file all of the documents of record in this case in that case as well, but shall cause the docket to reflect as defendants only those parties so identified in this paragraph. Those parties shall be terminated on the docket of the case remaining in the Eastern Division.

It is further ordered that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order upon receipt of the necessary Form USM 285s, summons, and complaints from the plaintiff. The Clerk of Court is DIRECTED to mail a courtesy copy of the complaint and a copy of this Order to the Attorney General of Ohio, Criminal Justice Section, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215. Each defendant is ORDERED to answer or otherwise respond to the complaint within forty-five (45) days after being served with a copy of the complaint and summons. Plaintiff is advised that if he does not supply appropriate documents to the Marshal to allow service to be made, any defendant not served within 120 days of the date of this order may be dismissed from the case.

## PROCEDURE ON OBJECTIONS

If any party objects to the Report and Recommendation made with respect to the four judicial defendants, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge

5