IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Steven S. Brown,                    :

        Plaintiff,         :    Civil Action 2:07-cv-0013

  v.                                :    Judge FROST

Warden Voorhies, et al.,            :

        Defendants.        :

ORDER

    Plaintiff, Steven S. Brown, has been granted leave to proceed *in forma pauperis*. The Court has directed him to submit sufficient copies of the complaint for the Marshal to serve the defendants. In response, Mr. Brown has filed a motion asking that either the Court or his institution provide him with free photocopies of the complaint because he cannot afford the cost of making the required copies.

    The law is clear that an inmate has neither a constitutional nor a statutory right to free photocopies even if that inmate has been granted the right to proceed *in forma pauperis*. See Hullom v. Kent, 262 F.2d 862 (6th Cir. 1959); see also Johnson v. Moore, 948 F.2d 517 (9th Cir. 1991). That includes free copies of documents that the inmate himself has previously filed in court. Anderson v. Gillis, 2007 WL 1623892 (3d Cir. June 6, 2007). The only possible exception to this rule is if the state's failure to provide free copies results in a complete denial of access to the courts. See Johnson v. Moore, supra.

    Here, any failure to provide Mr. Brown with free copies has not resulted in the denial of his right to access the Courts. This Court will accept hand-written copies of inmate pleadings, so photocopies are not needed to gain access to the Court. Where

that is so, the denial of free photocopies is not unlawful. See Miller v. Donald, 132 Fed. Appx. 270 (11th Cir. May 19, 2005). Further, the large number of copies needed by Mr. Brown is a problem of his own making. Fed.R.Civ.P. 8(a) requires a complaint to be a "short and plain statement" of the plaintiff's claims. The complaint in this case is not short. It consists of over 100 pages of allegations, plus additional exhibits. Mr. Brown may easily gain access to this Court by filing a short and plain statement of his claims and providing duplicate copies of such a complaint, either by photocopy or otherwise, for serving the defendants. Since he has other alternatives available to him besides free photocopies, his motion for such relief lacks merit.

For the foregoing reasons, plaintiff's "Motion for an Order for Monies for Postage and Copies to Access This Court" (#11) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge