IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Steven S. Brown,                      :

        Plaintiff,            :   Civil Action 2:07-cv-0013

  v.                                  :   JUDGE FROST

Warden Voorhies, et al.,              :

        Defendants.           :


<u>ORDER</u>

    On June 13, 2007, the Magistrate Judge issued a Report and Recommendation after conducting an initial screening of the complaint pursuant to 28 U.S.C. §1915A. The Magistrate Judge recommended that the four judges named as defendants be dismissed from the case and directed service of process as to the remaining defendants. However, the Magistrate Judge also severed plaintiff's claims against prison officials not located within the Eastern Division of the Southern District of Ohio and ordered that part of the case transferred to the Western Division of this District.

    Plaintiff, Steven S. Brown, has objected to that Report and Recommendation. The only objection made by Mr. Brown relates to the dismissal of the judicial defendants, and in particular Ohio Supreme Court Chief Justice Thomas Moyer. Citing a number of Ohio statutes which give rise to criminal liability for state officials who are guilty of malfeasance in office, Mr. Brown asserts that the State of Ohio has evinced an intent to remove immunity from judges who are sued under state law, and that because the Court has pendant jurisdiction to hear state law claims against state officials, the judicial defendants should not be dismissed from this suit.

Ohio may not, of course, by way of statute, permit a judge from claiming judicial immunity under 42 U.S.C. §1983. That is a federally-created cause of action relating to claims arising under the United States Constitution. There is no case law suggesting that any state, by means of a state statute, may alter the federal scheme which provides for immunity for judges who act arguably within the scope of their jurisdiction.

Mr. Brown may be arguing that his complaint states viable claims against the Ohio judges under Ohio law. However, the United States Supreme Court held in <u>Pennhurst State School & Hosp. v Halderman</u>, 465 U.S. 89 (1984) that the Eleventh Amendment bars suits in federal court against state officials where the claim for relief is based on state law, even if that claim would otherwise fall within the pendent jurisdiction of the federal court. <u>See</u> <u>also</u> <u>Turker v. Dept. of Rehab. and Corr.</u>, 157 F.3d 453, 456-7 (6th Cir. 1998) ("It is...well-established that a federal court cannot entertain a lawsuit against state officials for violation of state law..."). Consequently, to the extent that Mr. Brown argues that the Court may exercise jurisdiction over state law claims against the state judicial defendants, he is simply incorrect. Finally, the Court does not believe that the criminal statutes cited by Mr. Brown evidence any intent on the part of the State of Ohio to eliminate immunity from civil suit for its judges when they act in a judicial capacity, even if their actions are incorrect. For all of these reasons, in addition to other reasons cited in the Report and Recommendation, the Court concludes that the dismissal of the state judicial defendants is proper.

The only other matter before the Court relates to Mr. Brown's motion for the Court to pay the cost of photocopying his complaint so that he may serve it on the defendants. The Magistrate Judge denied Mr. Brown relief on this issue, noting

that Mr. Brown's complaint and attachments were unnecessarily long and concluding that the fact that Mr. Brown could not afford to photocopy his lengthy complaint, plus all the exhibits, and make service on the remaining defendants was not a basis for relief.

Mr. Brown cites to a decision of this Court, <u>Giles v. Tate</u>, 907 F.Supp. 1135 (S.D. Ohio 1995) (Spiegel, J.), as authority for the proposition that the Court may order a prison to provide free photocopying services to an inmate in order for the inmate adequately to access the courts. <u>Giles</u>, however, approved a prison policy which charged inmates a reasonable fee for photocopying. <u>Giles</u> has been cited with approval in at least one unpublished Sixth Circuit opinion, <u>see</u> <u>Smith v. Yarrow</u>, 78 Fed. Appx. 529 (6th Cir. Oct. 20, 2003), and is consistent with the law in other circuits as well. <u>See</u>, <u>e.g.</u>, <u>Johnson v. Moore</u>, 948 F.2d 517, 521 (9th Cir. 1991) ("A denial of free photocopying does not amount to denial of access to the Courts"). After reviewing this issue, the Court agrees with the Magistrate Judge that a prisoner may not simply draft a complaint of any length and then expect prison officials to provide him with free photocopies of the complaint for purposes of serving process under the rubric of claiming a constitutional right of access to the courts. Mr. Brown has other ways to access the courts in this case, including reducing the size of his complaint or obtaining sufficient funds to pay a reasonable fee for photocopying his complaint. The Court will give him an extension of time within which to make service, but will not provide him with any other relief.

Based upon the foregoing, the Report and Recommendation (#6) is ADOPTED. The claims against defendants Moyer, Bryant, French, and McGrath are DISMISSED. Mr. Brown's objection (#15) to the Magistrate Judge's order denying him relief with respect to

service of process is OVERRULED.  However, the time for making service is extended to a date 90 days from the date of this order.  To that extent, his motion for extension (#17) is GRANTED.  Finally, because the case has not progressed far enough for the Court to determine that Mr. Brown requires the assistance of counsel, his motion to appoint counsel (#16) is DENIED.


       /s/   Gregory L. Frost_____
      GREGORY L. FROST
      UNITED STATES DISTRICT JUDGE