```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Steven S. Brown,                :

        Plaintiff,     :    Civil Action 2:07-cv-0013

  v.                            :    JUDGE FROST

Warden Voorhies, et al.,        :

        Defendants.    :

REPORT AND RECOMMENDATION

    This prisoner civil rights action is before the Court on the motion to dismiss filed by defendant Franklin County Commissioners (doc. #52), the plaintiff's response to the defendant's motion to dismiss (doc. #64), and the defendant's reply (doc. #68). For the following reasons, it will be recommended that the motion be granted and that the claims against the Franklin County Commissioners be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.

    In his complaint, the plaintiff, Steven S. Brown, alleges that the Franklin County Commissioners are responsible for ensuring that persons accused of a crime are maintained in a constitutionally adequate jail while awaiting trial. He further states that the commissioners have been aware, through the reports of state jail inspectors, that the Franklin County Correction Centers are in violation of the state minimum jail standards, as well as the Ohio Constitution and the United States Constitution. Mr. Brown claims that, despite such awareness and the commissioners' public acknowledgment of overcrowding at FCCC, they have done nothing to correct the deficiencies at FCCC and have not advocated the construction of a new jail. In his view,

the commissioners' failure to act constitutes not only deliberate indifference to the rights of pretrial detainees, but also the crimes of dereliction of duty, Ohio Rev. Code §2921.44 and interference with civil rights, Ohio Rev. Code §2921.45. In his prayer for relief, Mr. Brown seeks an injunction ordering the Franklin County Commissioners to upgrade the FCCC to constitutional standards and to recover from this defendant punitive damages of $5,000,000.

II.

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). When determining the sufficiency of a complaint in the face of a motion to dismiss, the court must apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also, McLain v. Real Estate Bd. Of New Orleans, Inc., 444 U.S. 232 (1980); Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983), cert. denied, 469 U.S. 826 (1984).

A motion to dismiss under Rule 12(b)(6) is directed solely to the complaint itself. Roth Steel Products, 705 F.2d at 155. Consequently, the Court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. Scheuer, 416 U.S. at 236. A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. Roth Steel Products, 705 f.2d at 155. The Court

2

will grant a defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6) if the complaint is without merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. See, generally, Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978).

### III.

Judge Frost previously determined that Mr. Brown's claims for injunctive relief were moot since he was no longer housed at FCCC. See Order entered May 1, 2008 (doc. #77). Therefore, Mr. Brown's request for an injunction ordering the Franklin County Commissioners to upgrade the FCCC fails to state a claim upon which relief may be granted. To the extent Mr. Brown seeks to have this Court hold the commissioners criminally liable for their alleged failure to maintain the FCCC to constitutional standards, his complaint also is subject to dismissal under Fed.R.Civ.P. 12(b)(6). See Violett v. Pearson, 149 F.2d 1185 (6th Cir. 1998) (table), 1998 WL 381640 at *2 (private citizens have no authority to initiate federal prosecution of defendants for allegedly illegal acts).

Lastly, Mr. Brown's attempt to impose liability on the Franklin County Commissioners for alleged injuries he suffered while confined at FCCC likewise fails to state a claim upon which relief may be granted. Under Ohio law, the sheriff is in charge of the county jail and all persons confined therein. Ohio Rev. Code Ann. §341.01 (Baldwin 2008). The sheriff "shall keep such persons safely, attend to the jail, and govern and regulate the jail according to the minimum standards for jails in Ohio promulgated by the department of rehabilitation and correction." Id. The county commissioners have no duty to control the sheriff in keeping a jail safe, and the fact that Ohio Rev. Code

§307.01(A) designates the board of county commissioners as the agency to determine the necessity of jail construction does not mean that such board has any control over the operation of a county jail. Saunders v. McFaul, 593 N.E.2d 24, 28 (Ohio Ct. App. 8 Dist. 1990).

Nor may Mr. Brown rely upon a theory of respondeat superior to impose liability on the Franklin County Commissioners. See Miller v. Calhoun County, 408 F.3d 803, 813-14 (6th Cir.2005)(county may be liable only where its policy or custom causes the constitutional violation and, under Michigan law, it is the sheriff who enjoys final policymaking authority over a county correctional facility). See also Knott v. Sullivan, 418 F.3d 561, 574 (6th Cir. 2005)(court of appeals upheld Judge Frost's entry of summary judgment for defendant county commissioners where commissioners did not participate in the allegedly unconstitutional searches and seizures of plaintiff's vehicle and residence by sheriff deputies). Two other judges of the Southern District of Ohio have also specifically held that arrestees failed to state a claim against defendant county commissioners for vicarious liability under 42 U.S.C. §1983 for the allegedly unconstitutional actions undertaken by deputy sheriffs. Ridgeway v. Union County Com'rs, 775 F.Supp. 1105, 1109-10 (S.D. Ohio 1991)(Smith, J.)(fact that county commissioners are responsible for funding of sheriff's department and for administration of county government does not establish liability under respondeat superior and where recovery is based solely on such a theory, plaintiff fails to state a claim); Coffey v. Miami County Jail, No. 3:05-CV-383, 2007 WL 316262 at *3 (S.D. Ohio Jan. 29, 2007)(Rose, J.)(summary judgment granted in favor of county commissioners where plaintiff failed to allege that the violation of his rights arose from an unconstitutional policy or custom or that the county, through its deliberate

4

conduct, was the moving force behind the constitutional violations) (citations omitted).

## IV.

Based upon the foregoing, it is recommended that the motion to dismiss (doc. #52) be granted pursuant to Fed.R.Civ.P. 12(b)(6) and that all claims against defendant Franklin County Commissioners be dismissed.

## PROCEDURE ON OBJECTIONS

If any party objects to the Report and Recommendation made with respect to the four judicial defendants, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge

5