```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION


Steven S. Brown,               :

           Plaintiff,          :   Civil Action 2:07-cv-0013

     v.                        :   JUDGE FROST

Warden Voorhies, et al.,       :

           Defendants.         :
```

REPORT AND RECOMMENDATION

This prisoner civil rights action is before the Court on the motion to dismiss filed by defendants Prosecutor Ron O'Brien and Sheriff Jim Karnes pursuant to Fed. R. Civ. P.12(b)(6)(doc.#53) and plaintiff Steven S. Brown's response to the defendants' motion to dismiss (doc. #76). Prosecutor O'Brien and Sheriff Karnes did not file a reply. For the following reasons, it will be recommended that the motion be granted in part and denied in part.

I.

At all relevant times, Ron O'Brien was the Franklin County Prosecutor, and Jim Karnes was the Franklin County Sheriff. As county prosecutor, O'Brien instituted various criminal proceedings against Mr. Brown in the Franklin County Common Pleas Court and has also defended the county and its employees against federal lawsuits, including this action, initiated by Mr. Brown in this Court. Sheriff Karnes, under Ohio law, was in charge of the Franklin County jail where Mr. Brown was held while awaiting his criminal trials. The Court will summarize the allegations against each of these defendants, based on the pleadings which Mr. Brown has filed.

The factual allegations against Prosecutor O'Brien include

his failure to take action when Mr. Brown complained to him and his assistants about the constant abuse and horrible conditions he was forced to endure at the Franklin County jail. Mr. Brown also claims that he asked O'Brien to prosecute those at the jail responsible for the alleged torture and other violations of his constitutional rights, but that O'Brien failed to respond. In addition, the complaint states that Prosecutor O'Brien permitted his assistants in the civil division to participate in all facets of Mr. Brown's criminal prosecution and denied Mr. Brown discovery in his criminal case to prevent the use of any discoverable evidence in his civil rights action. These civil lawyers also allegedly altered videotapes to prove that Mr. Brown was disruptive at the jail. When Mr. Brown filed a motion for contempt in common pleas court, prosecutors under O'Brien's supervision allegedly had deputies question him surreptitiously about his hearing strategy and later played a videotape of this interview in open court over his objection. These prosecutors also purportedly arranged for more than thirty deputies to appear at the contempt hearing in an effort to intimidate the judge. One assistant prosecutor is alleged to have instituted a criminal charge against Mr. Brown for possessing a shank in order to force him under duress into a plea to the murder indictment. Throughout the criminal proceedings, according to Mr. Brown, prosecutors falsely denied that the alleged abuse was taking place at the jail despite videotape evidence to the contrary. Later, in conjunction with other defendants, they allegedly either stole the videotapes out of evidence or destroyed them.

    The allegations against Sheriff Karnes generally fall into one of two categories. The first group comprises complaints concerning the overall conditions at the Franklin County jail that allegedly fell below the state minimum jail standards, as well as what is required under the United States Constitution.

Examples include overcrowding, inadequate healthcare, unsanitary conditions, poor dietary standards, inadequate handicap facilities, high suicide rate, poor personal hygiene, broken plumbing, excessive use of force, retaliation, lack of access to courts and to a law library, and other allegedly inhumane conditions. Mr. Brown claims that Sheriff Karnes was deliberately indifferent to these alleged serious deficiencies. The second set of allegations consists of various instances of maltreatment of Mr. Brown while he was a pretrial detainee at the jail. Mr. Brown alleges that he frequently suffered torture at the hands of his jailers who used pepper spray on several occasions which they applied to sensitive areas of his body such as the eyes and testicles. The deputies there allegedly often left him in isolation and denied him food and medications and access to medical care. They also allegedly interfered with his access to the law library, lawyers, witnesses, and experts. They allegedly retaliated against him for filing his federal lawsuit and destroyed his legal papers along with his dentures, hearing aid and reading glasses. They also initiated what he characterizes as false criminal charges against him which were later dropped. Whenever Mr. Brown attempted to utilize the grievance system, the deputies would allegedly tear up his grievances. Mr. Brown contends that he was under so much duress at the jail as the result of these alleged actions that he attempted suicide and was eventually forced to plead guilty in order escape the conditions there.

II.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). All well-pleaded factual allegations in the complaint must be accepted as true and

must be construed in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983).

A motion to dismiss under Rule 12(b)(6) is directed solely to the complaint itself. Roth Steel Products, 705 F.2d at 155. Consequently, the Court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. Scheuer, 416 U.S. at 236. A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. Roth Steel Products, 705 F.2d at 155. The Court will grant a defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) if the complaint is without merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. See, generally, Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978). It is with these standards in mind that the Court will consider the motion to dismiss.

### III.

Prosecutor O'Brien and Sheriff Karnes initially argue that Mr. Brown's habeas corpus claim should be dismissed on the merits and also because Mr. Brown is not in their physical custody. Mr. Brown, however, amended his complaint as of right on March 27, 2007, to delete any reference in this case to habeas relief. The defendants' motion to dismiss as it relates to this claim will, therefore, be denied as moot.

Prosecutor O'Brien and Sheriff Karnes next argue that Mr. Brown's equal protection claim under 42 U.S.C. §1981 should be dismissed for the sole reason that he has failed to allege membership in a protected class. In response, Mr. Brown states

that he sued under this statute because he is a Jew and is indigent.

Section 1981 has been construed to prohibit all "racial" discrimination in the making of contracts both public and private. See <u>Saint Francis College v. Al-Khazraji</u>, 481 U.S. 604, 609 (1987)(citing <u>Runyon v. McCrary</u>, 427 U.S. 160, 168 (1976)). Therefore, discrimination on the basis of such non-racial factors as religion or indigence is not within the scope of §1981. The persons protected under §1981 are, however, not measured by the understanding of race today, but by those classes of people Congress intended to protect when the statute was enacted. <u>Saint Francis College</u> at 610. Since Jews were at that time considered to be a distinct race, they "are not foreclosed from stating a cause of action [under §1981] against other members of what is considered today to be part of the Caucasian race." <u>Shaare Tefila Congregation v. Cobb</u>, 481 U.S. 615, 617-18 (1987)(interpreting 42 U.S.C. §1982).

The complaint contains several references to the fact that Mr. Brown is a Jew. Accordingly, there is no insurmountable bar to his bringing a §1981 claim against Prosecutor O'Brien and Sheriff Karnes as a member of that protected class. Because this is the only argument raised by these defendants as to Mr. Brown's §1981 claim, the Court finds this portion of their motion to dismiss not to be well-taken.

Prosecutor O'Brien and Sheriff Karnes next challenge Mr. Brown's claims brought under 42 U.S.C. §1987 and various state criminal statutes on the ground that any violation of these statutes would subject them to criminal, and not civil liability. Assuming that the actions of these defendants constitute federal and state crimes, Mr. Brown cannot compel their prosecution. The decision to investigate, arrest and prosecute state officials for alleged civil rights violations under §1987 is committed to the

5

discretion of the United States Attorney. <u>Hawkins v. Steible</u>, 16 F.3d 1219 (table), 1994 WL 28617 at *1 (6th Cir. Feb. 1, 1994). <u>See also</u> <u>Peek v. Mitchell</u>, 419 F.2d 575 (6th Cir. 1970). Mr. Brown has no authority to initiate federal prosecution of Prosecutor O'Brien and Sheriff Karnes for their alleged unlawful acts. <u>Violett v. Pearson</u>, 149 F.3d 1185 (table), 1998 WL 381640 at *2 (6th Cir. Jun. 23, 1998). This is particularly so when the source of this supposed liability is state criminal law. Nor is this Court required to accept as true for purposes of Fed. R. Civ. P. 12(b)(6) Mr. Brown's wholly unsupported allegation that Ohio Rev. Code §§2921.44 and 2921.45 create a federally recognized liberty interest. <u>See</u> <u>Blackburn v. Fisk University</u>, 443 F.2d 121, 124 (6th Cir. 1971)(court is required to accept as true only well-pleaded facts, and not legal conclusions). Accordingly, the defendants' motion to dismiss as it relates to these claims should be granted.

    Prosecutor O'Brien and Sheriff Karnes also contend in their motion to dismiss that Mr. Brown has not made any allegations against them as to his claims under Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 <u>et seq.</u>, and his claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc <u>et seq.</u> In his response, Mr. Brown does not dispute the lack of any claims against these defendants under the RLUIPA. He does, however, maintain that the totality of the conditions at the Franklin County jail violated his rights under the ADA. Because Sheriff Karnes is in charge of the jail and all persons confined therein, <u>see</u> Ohio Rev. Code §341.01, an ADA claim against him based on Mr. Brown's numerous alleged disabilities and the allegedly substandard conditions at the jail is not implausible on its face. <u>See</u> <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 524 U.S. 206, 209 (1998)(statutory language of ADA unmistakably includes State prisons and prisoners

within its coverage). On the other hand, Prosecutor O'Brien has no responsibility under Ohio law for the Franklin County jail and the persons confined therein. Therefore, Mr. Brown cannot state a claim against Prosecutor O'Brien under the ADA upon which relief can be granted.

Prosecutor O'Brien and Sheriff Karnes contend that Mr. Brown's claims under 42 U.S.C. §§1983 and 1985 fail because there is an insurmountable bar to these claims on the face of the complaint. This presumptive bar consists of the applicable statute of limitations for bringing such claims within two years. See Kuhnle Bros.,Inc. v. County of Geauga, 103 F.3d 516, 519-20 (6th Cir. 1997)(reaffirming decision in Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989)(en banc) that Ohio Rev. Code §2305.10 governs federal civil rights actions). The defendants contend that the only reference to time in Mr. Brown's complaint is March 13, 2000, the date on which he was first incarcerated in the Franklin County jail. To the extent that his claims arose in 2000 they argue that such claims would clearly be time-barred. Prosecutor O'Brien and Sheriff Karnes further note that Mr. Brown filed a previous civil rights action in this Court in 2003 involving many of the same defendants and that this lawsuit was dismissed without prejudice on July 27, 2005.

The defendants recognize that under Ohio's savings statute, Ohio Rev. Code §2305.19, Mr. Brown had one year from the date of dismissal to refile his civil rights action. Mr. Brown, however, did not file the present lawsuit until January 9, 2007, which is more than one year after July 27, 2005. Accordingly, the savings statute does not preclude dismissal of the present lawsuit if the Court should determine that Mr. Brown's claims are otherwise barred by Ohio Rev. Code §2305.10.

In response, Mr. Brown states that he did not leave the Franklin County jail until March 23, 2005. Since this date is

7

within two years of the filing of this civil rights action, claims that arose between January 10, 2005, and March 23, 2005, would not be time-barred.

Mr. Brown also contends that the defendants' acts from 2000, when he was first incarcerated, and March 23, 2007, when he left the jail, constituted a single continuing wrong and that where a continuing wrong is involved "the cause of action accrues, and the limitation period begins to run at the time the tortious treatment ceases." Donaldson v. O'Connor, 493 F.2d 507, 509 (5th Cir. 1974), vacated and remanded on other grounds, 422 U.S. 563 (1975). See also Neel v. Rehberg, 577 F.2d 262, 263 (5th Cir. 1978)(refusal of sheriff and deputy sheriff to provide inmate necessary medical services, shower privileges, and telephone and visiting privileges over three-month period while he was incarcerated in county jail constituted continuing wrong).

Mr. Brown further claims not to have discovered the theft of the videotapes until he filed his appeal in September 2006, which was within the statute of limitations. See Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1984)(two-year statute of limitations for §1983 actions begins to run from time plaintiff knows or has reason to know of his injury which is the basis for his claim).

Lastly, Mr. Brown maintains that he could not file the present action until he had exhausted his administrative remedies. As he points out in his response, his previous civil rights action filed in this Court was dismissed without prejudice due to his failure to exhaust administrative remedies. He also asserts that the alleged destruction of his legal papers by the defendants unnecessarily prolonged his efforts through no fault of his own since he was relying on those legal papers to demonstrate exhaustion. For these reasons, Mr. Brown argues that the statute of limitations should be tolled during the time he was allegedly denied access to this Court.

Although the dismissal of claims as untimely pursuant to Rule 12(b)(6) is disfavored, such a dismissal may be appropriate where the basis of the limitations defense is apparent from the face of the complaint. <u>Owner Operator Independent Drivers Ass'n, Inc. v. Comerica Bank</u>, 540 F.Supp.2d 925, 929 (S.D. Ohio 2008)(internal citations omitted). Where the defect is apparent from the complaint, the plaintiff assumes the burden of "plead[ing] circumstances which would indicate why the [cause of action] was not discovered earlier and which would indicate why the statute should be tolled." <u>Id.</u>(quoting <u>Auslender v. Energy Mgmt. Corp.</u>, 832 F.2d 354, 356 (6th Cir. 1987)). In cases in which the defect does not appear on the face of the complaint, a defendant can still raise the defense via a motion to dismiss by accompanying the motion with affidavits and thereby permitting the court to treat the motion as one for summary judgment. <u>Rauch</u>, 576 F.2d at 708.

The Court does not believe that the untimeliness of all of Mr. Brown's claims against Prosecutor O'Brien and Sheriff Karnes is apparent on the face of his complaint. As to those claims that may have accrued more than two years before he commenced this action, Mr. Brown has pled in his response circumstances that at least arguably indicate why he did not discover any given claim earlier or why the limitations period should otherwise be tolled. Prosecutor O'Brien and Sheriff Karnes failed to challenge these arguments in a reply brief and did not accompany their motion with affidavits which might have allowed this Court to resolve the issue of timeliness in the context of a summary judgment motion. Therefore, the Court will recommend that the motion to dismiss not be granted on the basis of the defendants' statute of limitations defense.

Prosecutor O'Brien and Sheriff Karnes alternatively contend that the complaint ought to be dismissed because Mr. Brown failed

to conform his complaint to various pleading requirements set forth in the Federal Rules of Civil Procedure. They specifically argue that the complaint is not "a short and plain statement of the claims showing that the pleader is entitled to relief," and that the complaint does not meet the requirement that "[e]ach averment of a pleading shall be simple, concise and direct." See Fed. R. Civ. P. 8(a), 8(b)(1). Further, they protest that Mr. Brown has not followed the command that the paragraphs in his complaint "be limited as far as practicable to a single set of circumstances." See Fed. R. Civ. P. 10(b). In the event that the complaint is not dismissed for these alleged pleading deficiencies, Prosecutor O'Brien and Sheriff Karnes ask that the Court at a minimum strike the redundant, immaterial and impertinent material in the complaint pursuant to Fed. R. Civ. P. 12(f) and require Mr. Brown to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e) only to the extent of the dates relevant to his claims so that they can properly argue any available statutes of limitation.

In response to the defendants' arguments, Mr. Brown claims that the requirements of Rule 8 are in conflict with those of the Prison Litigation Reform Act which permit a district court to dismiss a suit if it determines that the suit is frivolous, malicious, fails to state a claim or seeks relief from a defendant who is immune from such relief. He felt it was important to tell the "whole story" to avoid dismissal at the screening stage and likewise did not want this suit to be dismissed, as his prior suit was, for failure to exhaust or to plead the "right" claims. He also urges that his complaint be liberally construed due to his status as a pro se plaintiff.

In reviewing Mr. Brown's compliance with the pleading requirements of the Federal Rules of Civil Procedure, the Court is guided not only by the Supreme Court's command that the

10

pleadings a <u>pro se</u> plaintiff be held to a less stringent standard than formal pleadings drafted by lawyers, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972)(per curiam), but also by the fact that Mr. Brown has streamlined his allegations to a certain extent in his response to Prosecutor O'Brien's and Sheriff Karnes' motion to dismiss. The dismissal of a complaint for the type of pleading deficiencies identified by the defendants is within a court's discretion and under the circumstances of this case, such a dismissal is not recommended. <u>See</u> <u>Davis v. Ruby Foods, Inc.</u>, 269 F.3d 818, 820-21 (7th Cir. 2001)(when complaint adequately performs notice function required under civil rules, presence of extraneous material does not warrant dismissal).

As to the defendants' request that this Court strike the redundant, immaterial and impertinent material from Mr. Brown's complaint, it should be noted that such motions are disfavored and will not be granted unless the matter sought to be stricken bears no possible relationship to the controversy. <u>Watkins & Son Pet Supplies v. Iams Co.</u>, 107 F.Supp.2d 883, 887 (S.D. Ohio 1999). <u>See also</u> <u>Brown & Williamson Tobacco Corp. v. U.S.</u>, 201 F.2d 819, 822 (6th Cir. 1953). Furthermore, Prosecutor O'Brien and Sheriff Karnes have not demonstrated any prejudice caused by the redundancies and have not even identified which portions of the complaint should be deleted. Given this scenario, the motion to strike should not be granted.

Lastly, the Court has broad discretion in determining whether to grant a motion for a more definite statement filed under Fed. R. Civ. P. 12(e). <u>Babb v. Bridgestone/Firestone</u>, 861 F.Supp. 50 (M.D. Tenn. 1993). Such motions are not favored by the courts, and they are not a substitute for discovery. <u>Innovative Digital Equipment v. Quantum Technology</u>, 597 F.Supp. 983, 989 (N.D. Ohio 1984). Such motions "are designed to strike at unintelligibility, rather than at lack of detail in the

11

complaint." Cox v. Maine Maritime Academy, 122 F.R.D. 115, 116 (D. Me. 1988). "Therefore, a Fed. R. Civ. P. 12(e) motion properly is granted only when a party is unable to determine the issues he must meet." Id. (internal citation omitted). The defendants' motion is expressly limited to the dates relevant to Mr. Brown's claims. The various dates surrounding Mr. Brown's incarceration at the Franklin County jail and the criminal proceedings instituted against him in the Franklin County Common Pleas Court are within the defendants' knowledge or are easily obtainable. As for the dates on which specific alleged actions by the defendants occurred and which are not within the defendants' knowledge, these may be obtained through discovery. For these reasons, it is recommended that the defendants' motion for a more definite statement be denied.

IV.

Based upon the foregoing, it is recommended that the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)(doc. #53) be granted in part and denied in part. Mr. Brown's allegations against Prosecutor O'Brien and Sheriff Karnes arising out of 42 U.S.C. §1987 and Title 29 of the Ohio Revised Code fail to state a claim upon which relief can be granted. Mr. Brown has also failed to state a claim against Prosecutor O'Brien under the Americans with Disabilities Act, and has failed to state a claim against both Prosecutor O'Brien and Sheriff Karnes under the Religious Land Use and Institutionalized Persons Act. The Court, therefore, recommends that the motion to dismiss be granted with respect to these claims. As it relates to all other claims, the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be denied for the reasons stated in this Report and Recommendation. The defendants' alternative motions to dismiss, to strike, and for a more definite statement should also be denied.

PROCEDURE ON OBJECTIONS

If any party objects to the Report and Recommendation made with respect to Prosecutor O'Brien and Sheriff Karnes, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge

13