IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Steven S. Brown,              :

        Plaintiff,      :   Civil Action 2:07-cv-0013

  v.                            :   JUDGE FROST

Warden Voorhies, et al.,      :

        Defendants.     :

ORDER

    This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on June 10, 2008 (#81).  The Magistrate Judge recommended that the motion to dismiss (#52) be granted pursuant to Fed. R. Civ. P. 12(b)(6) and that all claims against defendant Franklin County Commissioners be dismissed.  On August 7, 2008, the plaintiff, Steven R. Brown filed combined objections (#92) to this Report and Recommendation and to another report and recommendation issued on July 3, 2008.  This order will address only the June 10, 2008 Report and Recommendation (#81).  On August 18, 2008, the Franklin County Commissioners filed a memorandum in response (#94) asking that Mr. Brown's objection be overruled.

I.

    When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a <u>de</u> <u>novo</u> determination of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b).  After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." <u>Id</u>., <u>see</u> <u>also</u> 28 U.S.C. §636(b)(2)(B).

II.

Mr. Brown argues that his claims against the county commissioners should not have been dismissed because under Ohio law the commissioners are responsible for the construction of a county jail. According to him, the state jail inspection reports indicate the need for a new jail, and that this Court should, therefore, order the county commissioners to perform their statutory duty and provide a constitutionally adequate facility.

This Court has previously determined that because Mr. Brown no longer is incarcerated at the Franklin County Correctional Center his claims for injunctive relief, insofar as they relate to conditions there, are moot. See Order entered May 1, 2008 (#77). The Court subsequently denied Mr. Brown's motion for reconsideration of this ruling. See Order entered June 13, 2008 (#82). Based on this determination, the Court cannot and will not order the county commissioners to build a new jail.

Mr. Brown also asserts that he was harmed in many ways as the result of the commissioners' alleged failure to provide a constitutionally adequate facility. Mr. Brown specifically complains that because the commissioners were in charge of hiring contractors to provide services such as medical care, they are legally responsible for the delays and denials of his care while he was in jail.

It appears that Mr. Brown is attempting here to state a claim under 42 U.S.C. §1983 against the commissioners for a violation of his right to be free from cruel and unusual punishment secured by the Eighth Amendment. Such a claim, however, is frivolous because it is based on a respondeat superior theory of liability. See Ashton v. Shelby County Justice Center, 19 Fed. App'x 334, 335 (6th Cir. 2001)(respondeat superior cannot provide the basis for liability in §1983 actions).

Lastly, Mr. Brown contends that the commissioners are liable in tort for alleged violations of various offenses against justice and public administration.  <u>See</u> Ohio Rev. Code Ann. §§2921.01 through 2921.52 (Baldwin 2008).  Title 29 of the Ohio Revised Code deals with criminal offenses.  It is clear that private citizens have no authority to initiate federal prosecution of defendants for allegedly illegal acts. <u>Violett v. Pearson</u>, 149 F.3d 1185 (6th Cir. 1998) (table), 1998 WL 381640 at *2.  As the Magistrate Judge correctly pointed out, this is particularly the case where the source of the purported liability is state criminal law.  There is also no support for Mr. Brown's contentions that the violation of these criminal statutes is also a violation of the United States Constitution or that these laws somehow create a liberty interest.

### III.

Based on the foregoing reasons, the Court overrules Mr. Brown's objection (#92) and adopts the Report and Recommendation (#81) in its entirety.  Accordingly, the Court grants the motion to dismiss filed by defendant Franklin County Commissioners (#52).

     /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE