IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Steven S. Brown,              :

        Plaintiff,     :   Civil Action 2:07-cv-0013

   v.                         :   JUDGE FROST

Warden Voorhies, et al.,      :

        Defendants.    :

ORDER

    This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on July 3, 2008 (#86).  The Magistrate Judge recommended that the motion to dismiss (#33) be granted pursuant to Fed. R. Civ. P. 12(b)(6) and that all claims against the defendants, the Honorable Judge Lisa L. Sadler and the Honorable Judge Guy L. Reece, be dismissed.  On August 7, 2008, the plaintiff, Steven R. Brown, filed combined objections (#92) to this Report and Recommendation and to another report and recommendation issued on June 10, 2008. This order will address only the July 3, 2008 Report and Recommendation (#86).  On August 18, 2008, Judge Sadler and Judge Reece filed a memorandum in response (#93) asking that Mr. Brown's objection be overruled and that the Report and Recommendation be adopted.

I.

    When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a <u>de</u> <u>novo</u> determination of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b).  After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." <u>Id</u>., <u>see</u> <u>also</u> 28 U.S.C. §636(b)(2)(B).

II.

Mr. Brown argues that his claims against Judge Sadler and Judge Reece should not have been dismissed on the basis of absolute judicial immunity because their acts as described in the complaint were not judicial acts. See Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir. 1990)("Absolute judicial immunity only applies to judicial acts and not to administrative, legislative, and executive functions that a judge may perform."). He further maintains that the alleged destruction of certain videotapes could not have been a judicial act because, at the time the tapes came up missing, neither Judge Sadler nor Judge Reece had jurisdiction due to the fact that his criminal proceedings in the Franklin County Common Pleas Court had already terminated.

The court has conducted a de novo review of that portion of the Magistrate Judge's proposed disposition which determined that each of the acts allegedly undertaken by Judge Sadler and Judge Reece occurred while presiding over Mr. Brown's criminal proceedings. This Court agrees with the Magistrate Judge that these actions, including the judges' alleged denial of Mr. Brown's access to courts and their alleged interference with his right to represent himself in the criminal proceedings, constituted judicial acts to which judicial immunity applies even though the judges allegedly did so because they believed Mr. Brown was using his pro se status to sue the county in this Court.

Mr. Brown apparently confuses the judicial nature of these acts with the judges' own personal motivations. Where a judge conspires with others to predetermine the outcome of a judicial proceeding, see Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986), or destroys evidence in a case, see Khanna v. State Bar of California, 505 F.Supp.2d 633, 645 (N.D. Cal. 2007), he or she is still entitled to immunity. Thus, Mr. Brown's allegations that

Judge Sadler took certain actions in his case to increase her chances of being elected to the court of appeals or to protect Maryhaven, where she sat on the board of directors, are immaterial.

Furthermore, the fact that the videotapes did not come up missing until Mr. Brown had started serving his criminal sentence is also irrelevant. The act of which he complains is the alleged destruction of the tapes, not the subsequent discovery that they were missing, and, in his complaint, Mr. Brown alleges that Judge Reece destroyed or withheld the tapes while presiding over his criminal trial. Therefore, the alleged act was a judicial act for which Judge Reece is entitled to immunity. It simply does not matter that Judge Reece allegedly destroyed or withheld the tapes in order to protect the prosecution, the common pleas court, and the county from liability.

Mr. Brown also contends that this Court may exercise supplemental jurisdiction over his claims that Judge Sadler and Judge Reece violated Ohio Rev. Code §§2921.01 through 2921.53. Title 29 of the Ohio Revised Code, however, deals with criminal offenses. It is clear that private citizens have no authority to initiate federal prosecution of defendants for allegedly illegal acts. <u>Violett v. Pearson</u>, 149 F.3d 1185 (6th Cir. 1998) (table), 1998 WL 381640 at *2. As the Magistrate Judge correctly pointed out, this is particularly the case where the source of the purported liability is state criminal law.

Lastly, Mr. Brown argues that Judge Sadler and Judge Reece were responsible for the conditions in the jail and his alleged torture there. This is simply not correct. Under Ohio law, it is the sheriff who is in charge of the jail and all persons confined therein. <u>See</u> Ohio Rev. Code Ann. §341.01 (Baldwin 2008). The common pleas judges have no duty to control the sheriff in keeping the jail safe. Because Mr. Brown has not alleged that

Judge Sadler or Judge Reece directly participated in his alleged torture or actively encouraged such torture, he fails to state a claim against them upon which relief can be granted. See <u>Bellamy v. Bradley</u>, 729 F.2d 416, 421 (6th Cir. 1984).

### III.

Based on the foregoing reasons, the Court overrules Mr. Brown's objection (#92) and adopts the Report and Recommendation (#86) in its entirety.  Accordingly, the Court grants the motion to dismiss filed by the defendants, the Honorable Judge Lisa L. Sadler and the Honorable Judge Guy L. Reece (#33).

                                              /s/ Gregory L. Frost
                                              GREGORY L. FROST
                                              UNITED STATES DISTRICT JUDGE