IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Steven S. Brown,                :

    Plaintiff,            :

  v.                            :       Case No.  2:07-cv-13

Warden Voorhies, et al.,        :       JUDGE FROST

    Defendants.           :

## ORDER

Plaintiff Steven S. Brown has filed a number of motions relating to his efforts to obtain discovery.  These include two motions to compel (## 147, 183), a motion for an order directing the Ohio Department of Rehabilitation and Corrections to copy CDs (#148), a motion for an order directing the ODRC to provide copies and postage for the defendants' discovery requests (#188), and two motions to expand the time for discovery (##187, 189).  For the following reasons, the Court will deny the relief requested by Mr. Brown with one exception.  The discovery deadline will be extended until April 1, 2010.

    I. <u>The August 4, 2009 Motion to Compel Discovery</u>

Mr. Brown filed a motion to compel discovery on August 4, 2009.  His primary allegation is that the videotapes provided by the defendants of his time in the Franklin County jail were criminally altered so as to conceal evidence that he was tortured.  He further complains that the defendants failed to provide medical records and jail inspection reports he requested, refused to cooperate with him in setting up depositions, and were less than forthcoming in responding to his requests for admission.  He also asks the Court to order the defendants to comply with several new discovery requests.

The Franklin County Defendants filed a memorandum in

opposition to the motion to compel discovery.  They argue that
the motion must fail because Mr. Brown failed to include a
certification, as required by Fed. R. Civ. P. 37(a)(1), that he
conferred or attempted to confer with them prior to filing his
motion.  Counsel for the defendants believes that Mr. Brown did
not contact her to discuss discovery matters until August 6,
2009, as evidenced by a letter he sent to her the following day.
At that time, she assured Mr. Brown that all of the videotapes in
the defendants' possession had been forwarded to him and that
none of the tapes had been altered.  Counsel denied that she
refused to provide Mr. Brown with copies of his grievances and
medical records.  She claims that these documents were
subsequently forwarded to him on August 27, 2009.  Counsel denies
that she refused to cooperate with Mr. Brown's desire to depose
various individuals.

Counsel also asserts that the only discovery requests served
by Mr. Brown were requests for production of documents and
requests for admission and that the defendants have responded to
each of these.  She further asserts that any objections
interposed to the requests for admissions served on defendant
Barrett are valid and should be sustained.  Counsel contends that
the only outstanding document requests involve copies of
correspondence from defendant O'Brien to Mr. Brown and any
letters from defendants Krapenc and Farbacher, Patrick Shearon
(sic), and Mary Jane Martin concerning Mr. Brown.  At the time
the defendants filed their opposing memorandum, counsel was in
the process of collecting any responsive non-privileged, non-
protected correspondence and promised to forward such documents
to Mr. Brown forthwith.

In his reply, Mr. Brown claims that the defendants failed to
provide videotapes for the period from January 16, 2005, to March
29, 2005, which corresponds to the last two and a half months he

was held in the Franklin County jail.  He also asserts that he has requested, but not received, studies purportedly done by the sheriff to find solutions to problems at the jail; the floor plans for the jail; policies on recreation, grievances, and medical care; personnel files on all named defendants; legal visitor logs; grievance logs and statistics; names and addresses of nurses and other medical staff who allegedly witnessed his torture; statistics compiled by the jail showing budgets, deaths in jail; suicides in jail; and populations, capacities, etc.  In addition, Mr. Brown clarifies that not only were defendant Barrett's responses to his request for admission evasive, but also the responses from the other defendants.

In December 2009, defendants Karnes, O'Brien, Barrett, Farbacher, Martin, Krapenc, and Shaver served a response to what appears to be a request for production of documents sent by Mr. Brown in October 2009.  See Exhibit 1 attached to Plaintiff's Motion to Expand Time for Discovery (#187).  In their response, the defendants maintain that they have already provided Mr. Brown with copies of all videotapes in their possession, copies of his disciplinary history while at the jail, and a copy of his complete medical file from OSU during the time he was in custody as a pretrial detainee.  They object to providing any duplicate copies.  The defendants further state that they have provided copies of the jail's policies regarding grievances, law library, telephone, use of restraint chair, discipline, religious worship, religious diets, sanitation, segregation, and legal access via telephone or visitation, but are not in possession of a policy regarding haircuts.  Redacted copies of the existing defendants' personnel files have also been provided to Mr. Brown.  The defendants assert that they do not possess any studies on jail conditions done by Sheriff Karnes or any investigative report by Prosecutor O'Brien after he received a letter from Mr. Brown

complaining of torture.

The defendants claim that they are under no duty to provide Mr. Brown with copies of transcripts of all pretrial hearings in Mr. Brown's criminal case and that his request is directed to a nonparty.  The defendants further claim that Mr. Brown's document requests for Dr. Spagna's and Nurse Coulter's addresses, for Prosecutor O'Brien's statements to the news media about jail conditions, and for the amount of time Sheriff Karnes spends inspecting each prisoner in the jail are not proper document requests and that they have no duty to create documents simply to comply with the plaintiff's requests.

The defendants object to providing a copy of the jail's floor plans partly due to security concerns.  They also object to Mr. Brown's request for various statistics compiled by the jail, all cases filed against the jail in the past ten years, use of force reports, and all data given to the United States Justice Department concerning jail conditions as vague, overly broad and/or unduly burdensome.

In addition to seeking an order compelling discovery, Mr. Brown asks for sanctions under Rule 37.  The sanctions requested include requiring the defendants to pay for the missing videotapes, medical files, and other discovery requests.  In addition to these monetary sanctions, he also urges the Court to stay this action until there has been proper disclosure and to inform the jury of the defendants' noncompliance.  The defendants argue that sanctions are not warranted.  They claim that Mr. Brown failed to make a good faith attempt to obtain discovery prior to filing his motion.  The defendants also maintain that their objections to certain discovery requests are justified and that they have provided Mr. Brown with all discovery to which they have not properly objected.  The defendants further state that they have cooperated with Mr. Brown on discovery matters and

that they even took steps to make discovery more convenient for him.

Fed. R. Civ. P. 37(b) authorizes sanctions for a party's failure to obey an order requiring discovery. The strongest sanction available to address discovery abuses is the entry of a default judgment against a defendant or an order of dismissal against a plaintiff. Quinn v. Kennedy, No. 1:07-cv-1036, 2008 WL 4145445 (W.D. Mich., Aug. 20, 2008)(citing Grange Mut. Cas. Co. v. Mack, 270 F.App'x 372, 376 (6th Cir. 2008)). In the Sixth Circuit, courts are to consider four factors including (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. Quinn at *1 (citing Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997)).

Here, there is no evidence in the record which would allow the Court to evaluate any of the above factors in considering Mr. Brown's motion for sanctions. Rather, as the issue of discovery in this matter currently stands, the defendants have responded to the motion to compel. Their response included the production of some documents and their objection to the production of certain other documents on grounds that the requests were vague, overly broad and/or unduly burdensome, or simply improper document requests. In providing an objection, the defendants shifted the burden to Mr. Brown to either clarify his discovery requests or seek an order from this Court directing defendants to comply with the requests as originally phrased. Info-Hold, Inc. v. Sound Merchandising, Inc., 538 F.3d 448, 457-58 (6th Cir. 2008)(citing Fed.R.Civ.P.26(b)(2); Fed.R.Civ.P. 33(b)(4)).

Although Mr. Brown filed a reply memorandum and a subsequent

5

motion to compel, he did not sufficiently clarify his discovery requests or address many of the defendants' objections.  In examining the parties' dispute as a whole, the Court finds that the defendants have adequately responded to Mr. Brown's requests for production of documents.  Further, the Court believes that they agreed to provide some additional documents after the Court held a telephone discovery conference.  For these reasons, the August 4, 2009 motion to compel (#147) is denied.

    II. <u>The December 9, 2009 Motion to Compel Discovery</u>

Mr. Brown filed another motion to compel discovery on December 9, 2009.  In this motion, he accuses Tracie Boyd, an assistant prosecuting attorney representing the defendants, with having "continually violated discovery requests thru out (sic) this process" and that she "continues to delay providing records needed to prosecute this case and to be able to write interrogatories and reply to the defendants' discovery requests." He states that the defendants had promised to provide him with certain records by December 4, 2009, but had failed to do so. Attached to his motion as Exhibit 1 is a Motion for Discovery and for Production of Document Requests that he apparently sent to defendants' counsel on November 2, 2009.

   The defendants did not file a memorandum in opposition to the December 9, 2009 motion to compel.  It appears, however, that the defendants served a response to the requests for production of documents sometime prior to December 30, 2009, the date Mr. Brown filed the earlier of his two motions to extend the discovery deadline.

On February 23, 2010, Mr. Brown filed an addendum to his motion to compel discovery.  In this addendum, he states that on January 3, 2010, he sent a letter to Patrick Piccininni, another assistant prosecuting attorney representing the defendants, in which he requested additional discovery, and that Mr. Piccininni

did not respond. By the time Mr. Brown made this request, however, the discovery deadline of January 1, 2010, had already passed. Therefore, Mr. Brown has not shown that Mr. Piccininni had a duty to respond.

The Court again finds that the defendants have adequately responded to the plaintiff's document requests. Accordingly, the Court also denies the December 9, 2009 motion to compel.

### III. Motions Directed to Ohio Department of Corrections

Mr. Brown has filed two motions in which he asks the Court to order the Ohio Department of Corrections (sic) to copy certain videotapes he obtained through discovery (#148) and to provide copies and postage necessary for him to comply with the defendants' discovery requests (#188). The motions were apparently served on the defendants' counsel, but not on the ODRC. Because there is no indication that Mr. Brown followed any of the procedural requirements to obtain such relief from a nonparty, the motions (##148, 188) are denied.

### IV. Motions for Extension of Time for Discovery

On December 30, 2009, Mr. Brown moved to expand the time for discovery another thirty days. The defendants did not object to this request. On January 29, 2010, Mr. Brown filed another request to extend the discovery deadline, but did not specify the date by which discovery should be completed. The defendants indicated that a limited extension of time may be appropriate to allow Mr. Brown to respond to their outstanding discovery requests.

The motions (##187, 189) set forth good cause for extending the discovery deadlines and are therefore granted. All discovery shall be completed by April 1, 2010.

### V. Procedure for Seeking Reconsideration by District Judge

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for

reconsideration by a District Judge.  Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection.  Fed. R. Civ. P. 7(b). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  Eastern Division Order No. 91-3, pt. I., F., 5.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

    /s/ Terence P. Kemp
    United States Magistrate Judge