IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Steven S. Brown,                    :

            Plaintiff,              :    Civil Action 2:07-cv-0013

     v.                             :    JUDGE FROST

Warden Voorhies, et al.,            :

            Defendants.             :

ORDER

        Plaintiff Steven S. Brown has filed a motion for an order of
contempt against the Ohio Department of Rehabilitation and
Corrections, the law firm of Kegler, Brown, Hill & Ritter, and
the Director of the Ohio State University Medical Center.  Mr.
Brown contends that each of these third parties has failed to
answer his subpoena _duces_ _tecum_.  In addition to a finding of
contempt, he asks that the respondents be compelled to produce
the records requested by the subpoenas at no cost and to
reimburse him in the amount of $50.00 for his expenses in
prosecuting this motion.  For the following reasons, the
plaintiff's motion for an order of contempt (#208) will be
denied.


Fed. R. Civ. P. 45

        Rule 45 of the Federal Rules of Civil Procedure governs
subpoenas issued from district courts, including subpoenas that
command third parties to produce documents or tangible things.
Fed. R. Civ. P. 45(c)(2).  A person served with a subpoena _duces_
_tecum_ may, in turn, serve an objection on the party designated in
the subpoena "before the earlier of the time specified for
compliance or 14 days after the subpoena is served."  Fed. R.
Civ. P. 45(c)(2)(B).  If such an objection is made, the party who
served the subpoena may move the issuing court for an order

compelling production.  Id.  The person served may also move to quash or modify the subpoena which fails to allow a reasonable time to comply or requires disclosure of privileged or other protected material.  Fed. R. Civ. P. 45(c)(3).  A person who withholds documents under a claim of privilege is required to assert the privilege in an express manner and describe the nature of the withheld documents in such a way that the parties can assess the claim.  Fed. R. Civ. P. 45 (d)(2)(A).  "The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."  Fed. R. Civ. P. 45(e).

<u>ODRC</u>

The Regional Deputy Director of ODRC was personally served with a subpoena on June 11, 2010.  The subpoena sought the production of Mr. Brown's complete medical records and complete mental health records within 7 days of service.  The record does not reflect that ODRC served an objection within that period or moved to quash the subpoena.  Mr. Brown filed his motion for contempt on June 25, 2010, and filed an addendum to his motion on July 23, 2010.  The addendum stated that ODRC had improperly withheld correspondence and records mailed to Mr. Brown by OSUMC in response to another subpoena.

On August 2, 2010, counsel for ODRC entered her appearance and moved for an extension of time to respond to the contempt motion.  The Court granted the motion and set August 20, 2010, as ODRC's new response date.  When no response was filed on or before that date, the Court directed counsel for ODRC to file her response by September 20, 2010.  Counsel later obtained an additional ten-day extension to respond.  ODRC's response, filed on September 30, 2010, vouched that Mr. Brown had signed a receipt for the OSUMC records on July 30, 2010, and had further

2

acknowledged receipt of those records at his deposition on August 12, 2010. Counsel for ODRC also claimed that Mr. Brown had already been given opportunities to review all of his medical records on October 7, 2009, and July 2, 2010, and had likewise been granted access to his mental health records. She proposed to make those records available to him once more so that he can flag those records which he wants copied at his own expense.

Mr. Brown states in his reply that the cost of the copies has never been at issue and that he is willing to pay for them. He maintains that the real issue is ODRC's continued refusal to provide him access to his ODRC medical records. He does not, however, directly respond to ODRC counsel's most recent proposal, but merely points out that the process of stamping the documents, sending them out for copying, and providing them to the defendants might take considerable time.

The Sixth Circuit Court of Appeals holds that "contempt is warranted when the moving party produces clear and convincing evidence that another party has violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." Erickson's Flooring and Supply Co. v. Basic Coatings, Inc., 370 Fed.Appx. 632, 636 (6th Cir. 2010)(internal citations and quotation marks omitted). Although ODRC should have served an objection or moved to quash within the appropriate time, it has now either complied or proposes to comply with the subpoena. Under these circumstances, the Court determines that there is not clear and convincing evidence that ODRC wilfully violated a court order. The Court notes, however, that the Court will not tolerate further delays by ODRC in this matter.

### Kegler, Hill, Brown & Ritter

The Kegler law firm was served with a subpoena on June 11,

3

2010, commanding it to produce within 7 days its complete file on Brown v. Karnes, Case No. 03-cv-384, including all medical files, communications with the defendants in this case, the Franklin County Prosecutor's Office, and the plaintiff. KBHR sent Mr. Brown a letter advising him of its objection to the subpoena on the grounds that its file is protected by the attorney-client privilege and the work product doctrine. Mr. Brown did not respond to the letter or file a motion to compel the file's production, but instead moved for an order holding KBHR in contempt. In its response to plaintiff's motion for contempt, KBHR asserts that Mr. Brown failed to comply with Rule 45 and reasserts its claim that the file is protected from disclosure by the attorney-client privilege, the work product doctrine, and Ohio Rule of Professional Conduct 1.6. KBHR also contends that Mr. Brown can obtain the documentation he seeks from other sources and denies that it is the records custodian for plaintiff's medical records and grievance logs.

In reply, Mr. Brown accuses KHBR, in a prior suit, of lying about the existence of a medical grievance procedure. He believes that emails and memoranda in KHBR's file will show that the firm knew there was no medical grievance system and, despite this knowledge, instructed the jail defendants in the prior suit how to get the claims against them dismissed by falsely asserting that such a system existed. Mr. Brown says that he should have sued KBHR in this case for creating this falsehood, but thinks he will file a complaint with the bar association instead.

The attorney-client privilege is recognized as the oldest privilege relating to confidential communications. Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). The purposes of the privilege are to promote loyalty between lawyers and clients and to encourage full disclosure by clients to their attorneys. Reed v. Baxter, 134 F.3d 351, 356 (6th Cir.1998). Because application

4

of the privilege "excludes relevant evidence and stands 'in derogation of the search for truth,'" id., courts should permit application of the privilege only when "necessary to achieve its purpose" and only to protect legal disclosures that "might not have been made absent the privilege." Fisher v. United States, 425 U.S. 391, 403 (1976).

According to the Sixth Circuit, the elements of the privilege are as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or the legal advisor (8) unless the protection is waived.

Reed, 134 F.3d at 355-56 (citing Fausek v. White, 965 F.2d 126, 129 (6th Cir.1992)). The party asserting the privilege bears the burden of establishing the existence of the privilege. United States v. Dakota, 197 F.3d 821, 825 (6th Cir.1999). See also Cooey v. Strickland, --- F.R.D. ---, 2010 WL 3238972 at *3 (S.D. Ohio Aug. 16, 2010). This showing is not, however, onerous and can be satisfied by a statement that the communication contained legal matters. Id.

It is readily apparent that at least some of the contents of a client's legal file would include matters protected by the attorney-client privilege. Here, Mr. Brown subpoenaed the entire file. The emails and memoranda which he believes the file to contain almost certainly would involve to some extent confidential communications between KHBR and the defendants it represented in the prior lawsuit. Furthermore, there is no reason to apply the privilege narrowly under these circumstances since Mr. Brown has not shown that the contents of the file could lead to any information relevant to the issues in this case.

The Court, however, need not decide which portions of the

5

file are protected from disclosure.  Mr. Brown did not move to compel production of the file in accordance with Fed. R. Civ. P. 45(c)(2)(B).  As a result, the question of whether the attorney-client privilege applies is not squarely before the Court. Because Mr. Brown has not produced clear and convincing evidence that KBHR wilfully disobeyed a specific court order or that it failed without adequate excuse to obey his subpoena, the Court will not enter a finding of contempt.

<u>OSUMC</u>

The Senior Assistant General Counsel for OSUMC was served with a subpoena on June 11, 2010, for all medical records of Steven S. Brown at OSU Hospital, including results of MRIs, ear operation, CT scans, ER visits, neurology, orthopedics, colonoscopy, cardiology, and jail records from the Franklin County jail.  On June 15, 2010, OSUMC sent Mr. Brown an objection advising him of its objection to the subpoena on account of undue burden.  Mr. Brown did not respond to this objection (which he claims not to have received) or file a motion to compel, but did file a motion to hold OSUMC in contempt on June 28, 2010. Counsel for OSUMC filed a timely response to the contempt motion and on August 5, 2010, notified the Court and all parties of its compliance with plaintiff's subpoena.  OSUMC, having complied with the subpoena, is not subject to an order of contempt.

<u>Conclusion</u>

Based on the foregoing, the plaintiff's motions for an order of contempt against third parties ODRC, KBHR, and OSUMC (#208) is DENIED.


      /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE