UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN S. BROWN,

        **Plaintiff,**

                                            Case No. 07-cv-13

v.                                      Judge Gregory L. Frost

**WARDEN VOORHIES, et al.,**
        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion Requesting More Time for Discovery (ECF No. 263) and Plaintiff's Motion Requesting an Order to ODRC to Allow Plaintiff's Legal Papers and Other Evidence be Allowed Back Into the Prison and Order Access to the Courts ("Plaintiff's Motion Requesting Documents") (ECF No. 265). For the reasons that follow, the Court **DENIES** Plaintiff's Plaintiff's Motion Requesting More Time for Discovery and **DENIES IN PART AND GRANTS IN PART** Plaintiff's Motion Requesting Documents.

**A. Plaintiff's Motion Requesting More Time for Discovery**

Plaintiff filed this action on January 9, 2007. Since that time, Plaintiff has requested eighteen extensions of deadlines. In this latest request, Plaintiff, for the seventh time, requests an extension in time to complete discovery. (ECF Nos. 155, 173, 187, 189, 205, 221, 232.) This Court has previously granted Plaintiff's requests to extend the discovery deadline and also granted Plaintiff's previous counsel's requests at two separate status conferences to extend the discovery deadline. These requests resulted in the discovery deadline changing from September 30, 2009, to October 30, 2009, to January 20, 2010, to April 1, 2010, to October 31, 2010, to June 30, 2011, to October 31, 2011. (ECF Nos. 145, 166, 177, 194, 229, 237, 253, 254.)

Unquestionably, Plaintiff has been given ample opportunity to complete discovery.

Moreover, after the last extension of time was granted, this Court established a schedule for the remainder of this action, setting a dispositive motions deadline of November 30, 2011, a final pretrial conference on April 12, 2012, and trial on May 14, 2012. An extension of discovery would necessitate an extension of these dates. The Court declines to extend any of these dates and will abide by this established schedule.

## B. Plaintiff's Motion Requesting Documents

In Plaintiff's motion, he explains that his previous lawyer, James E. Arnold, is in possession of his legal file related to this action. Plaintiff requests that this file be returned to him. That request is well taken. The Court will forward a copy of this Opinion and Order to Mr. Arnold and direct him to return Plaintiff's legal file to the prison at which Plaintiff is housed.

Next, Plaintiff asks that the Court order the Director of the Ohio Department of Rehabilitation and Corrections to permit Plaintiff to have his legal file pursuant to special arrangements ordered by this Court. Specifically, Plaintiff complains that the prison regulations permit him only a 2.4 square feet of property in his cell, that he is not permitted to send documents for copying, is not permitted a DVD player, is only allowed access to his legal papers held outside of his cell once a month, is permitted to use the law library only four hours per week, and is required to use the inmate pay telephones that are monitored. Plaintiff requests the Court to order the prison to not enforce these regulations against him because being forced to abide by these regulations makes "it is impossible to proceed" with this litigation. (ECF No. 265 at 3.) Plaintiff argues that he is, therefore, being denied access to the courts. Plaintiff's argument is not well taken.

The right of access to the courts "requires that prisoners be provided with the tools to challenge their sentences or the conditions of their confinement." *Britford v. Collins*, No. 2:07-cv-306, 2010 U.S. Dist. LEXIS 29982, at *6 (S.D. Ohio March 29, 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 355, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). "Such tools include the means to 'adequately prepare and file the necessary legal documents.' " *Id.* (citing *Eberle v. Wilkinson*, No. 2:03-cv-272, 2005 U.S. Dist. LEXIS 46296, at *7 (S.D. Ohio Aug. 17, 2005) (citing *Bounds v. Smith*, 430 U.S. 817, 823-24, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977) quoting *Johnson v. Hubbard*, 698 F.2d 286, 288 (6th Cir. 1983)). "However, the right of prisoners to prepare legal documents is not unrestricted." *Id.* " 'Restrictions on the time, place, and manner in which inmates may engage in legal research and preparation of legal papers are constitutional' so long as the restrictions do not unreasonably frustrate the right of access to the courts." *Eberle*, *supra*, at *6-7 (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)).

In the instant action, Plaintiff has filed 98 documents with this Court, 54 of those being motions. Based on this view of the entire record, Plaintiff was certainly not unconstitutionally restricted from access to the courts by prison officials. *See Britford*, 2010 U.S. Dist. LEXIS 29982, at *7 (viewing "the entire record" the court found that the plaintiff "readily exercised his right of access to the courts by filing two motions for an extension of time and a motion for judgment on the pleadings during the time period he was allegedly deprived of access to the law library"); *see also Gordon v. U.S.*, No. 2:06-cv-00065, 2008 U.S. Dist. LEXIS 22222 (S.D. Ohio Mar. 20, 2008) (noting that documents submitted by the inmate indicate that prison officials provided him with adequate resources to access the courts); *Mayes v. Province*, 353 F. App'x 100 (10th Cir. Nov. 6, 2009) (noting that filing numerous post-conviction motions weighed in

favor of having access to the courts).

**C. Conclusion**

Based on the foregoing, the Court **DENIES** Plaintiff's Plaintiff's Motion Requesting More Time for Discovery (ECF No. 263) and **DENIES IN PART AND GRANTS IN PART** Plaintiff's Motion Requesting Documents (ECF No. 265). Specifically, the Court **GRANTS** Plaintiff's motion to the extent it requests that Attorney James E. Arnold return his legal file to the prison and **DENIES** the remainder of Plaintiff's motion.

The Clerk is **DIRECTED** to forward by email a copy of this Opinion and Order to Attorney James E. Arnold. Mr. Arnold is **DIRECTED** to return forthwith Plaintiff's legal file to the prison in which he is housed.

**IT IS SO ORDERED.**

>**/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**