UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN S. BROWN,

        Plaintiff,

                                 Case No. 07-cv-13

v.                               Judge Gregory L. Frost

WARDEN VOORHIES, et al.,

        Defendants.

**OPINION AND ORDER**

On October 26, 2010, the Magistrate Judge issued an order denying Plaintiff Steven S. Brown's (1) "Motion for an Order to Copy CD's" that were filed as exhibits with the Clerk of Court (ECF No. 206) and (2) "Motion for an Order to Return My Legal Papers and for an Order of Protection" (ECF No. 212).  (ECF No. 229.)  Plaintiff Brown filed an objection to this Order on November 4, 2010, pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).  (ECF No. 231.)  For the reasons set forth below, Plaintiff's objection is **OVERRULED.**

**I. Standard of Review**

Because the Magistrate Judge's Order to which Plaintiff objects concerns decisions on nondispositive motions, this Court's reconsiders the Order under the "clearly erroneous or contrary to law" standard of review contained in Fed. R. Civ. P. 72(a).  *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).  The "clearly erroneous" standard applies to factual findings made by the Magistrate, while legal conclusions are reviewed "under the more lenient 'contrary to law' standard."  *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994) (table).  A finding is "clearly erroneous" only when the district court is

1

left with the definite and firm conviction that a mistake has been made. *See In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (citations omitted). A court's review under the "contrary to law" standard is plenary, and the court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee*, 785 F. Supp. at 686 (citations and internal quotations omitted).

## II. Discussion

As to Plaintiff's Motion for an Order to "copy CD's," Plaintiff says that "defendants sent [him] video of him at the jail in the form of DVD's." (ECF No. 206, at 1.) Plaintiff claims to have filed his only copies of these disks with the Clerk of the Court as exhibits to a motion and that the Clerk's office advised that he would be required to provide pay duplication costs to obtain copies of those disks. (*Id.*)[1] Plaintiff contended that any duplication cost should be paid by the Ohio Department of Rehabilitation and Correction ("ODRC"). The Magistrate denied Plaintiff's Motion on the basis that Defendants had already provided copies of these CDs to Plaintiff and that there was no obligation for them to produce them a second time. (ECF No. 229, at 2.)

Plaintiff's Objection takes a different approach than did his Motion. In his Objection, Plaintiff contends that his motion "asked for an order to the ODRC to replace the Evidence that they lost" and that such cost should be paid by the ODRC. (ECF No. 231, at 1.) But this was

---

[1] Plaintiff has been inconsistent in his representation of what the cost is. In his original Motion, Plaintiff indicated that the duplication cost for the two CDs was $54.00. (ECF No. 206, at 1.) Plaintiff, however, attached a copy of a letter from the Clerk's office, which indicated a copy cost of $52.00 for the two CDs. (ECF No. 206-1.) In his Objection to the Magistrate's decision, Plaintiff states (without explanation) an increased cost of $57.00. (ECF No. 231, at 1.)

not Plaintiff's contention in the Motion. He did not contend that the ODRC had "lost" anything; he simply asked "that this honorable court either ask the clerk to copy the CD's or to ask the defendants to replace them or to order the ODRC to pay fro [*sic*] the replacement because they were holding them." (ECF No. 206, at 1.) Thus, Plaintiff's Objection is, in essence, arguing a different motion than the one the Magistrate ruled upon. His Objection as to the Magistrate's ruling on the "Motion for an Order to Copy CD's" must therefore be overruled.

As to the Magistrate's Order denying his motion for an order to return his "legal papers" and for an "order of protection," Plaintiff's objections are likewise not well taken. In his Motion, Plaintiff asked for (1) an order commanding the return of his "legal papers" that were sent out for copying and Bates stamping and (2) an "order of protection" commanding ODRC to return his documents and CDs, in particular certain medical records that were sent from the Ohio State University Medical Center at Plaintiff's request. (*See* ECF No. 212, at 2.) The Magistrate found this Motion "moot" as to the legal papers sent out for copying because Plaintiff, in his reply in support of the motion, acknowledged that the ODRC returned to him the documents that were referenced in his Motion. (ECF No. 229, at 2.) The Magistrate denied the "order of protection" branch of Plaintiff's Motion because (1) neither the defendants nor the ODRC were obligated to provide Plaintiff with CDs the defendants had already provided him and (2) ODRC's response indicated that Plaintiff had already been given access to his medical records. (ECF No. 229, at 2.) The Magistrate also noted that the ODRC had proposed making the records available to Plaintiff again so that he may flag pages for copying at his own expense. (ECF No. 229, at 2.)

The Magistrate's ruling is not clearly erroneous. In their combined response to Plaintiff's

3

Motion for return of the "legal papers" and Plaintiff's Motion for contempt, the ODRC represented that it had returned the legal papers in question (*i.e.,* those that had been taken for copying in connection with discovery in this case). (*See* ECF No. 227, at 2; *see also* ECF No. 212, at 1 (describing the "legal papers" sought in Plaintiff's Motion).) In Plaintiff's reply to the ODRC's memorandum, Plaintiff confirmed that he "got back all the documents [he] sent out to be copied for the Jail Defendants." (ECF No. 228, at 3.) The Magistrate's ruling was therefore not clearly erroneous.

As to the medical records complained of by Plaintiff, the ODRC's response indicated that Plaintiff had been given access to them. (ECF No. 228, at 2-3.) For his part, Plaintiff complains of medical records and mental health records that have not been "given" to him. (ECF No. 231, at 1-2.) But while Plaintiff complains that he has "received no records," he avoids acknowledging whether he has been given access to these records. Based on the record before it, the Court cannot say that the Magistrate's resolution of Plaintiff's motion for an "order of protection" is clearly erroneous. Plaintiff's objection to it must therefore be overruled.

### III. Conclusion

For the foregoing reasons, Plaintiff's Objection (ECF No. 231) is **OVERRULED** in its entirety.

**IT IS SO ORDERED.**

>                        **/s/ Gregory L. Frost**
>                        **GREGORY L. FROST**
>                        **UNITED STATES DISTRICT JUDGE**